IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Owen Harriot,<br><br>                          Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>                          Defendants. | C/A No. 3:19-2482-JFA-SVH<br><br><br>**ORDER** |

## I.    INTRODUCTION

Michael Owen Harriot, ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this complaint against the United States of America ("Defendant") seeking damages under the Federal Tort Claims Act ("FTCA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's complaint should be dismissed without issuance and service of process. (ECF No. 13). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## II. LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

The Report recites the factual and procedural background giving rise to this action in detail, which is incorporated by reference. Briefly, Plaintiff has brought claims for false arrest and imprisonment under the FTCA. (ECF No. 1). Plaintiff has requested $15 million in damages, appointment of counsel, and any other relief the court may provide. (ECF No. 1).

### A. Plaintiff's Claims are Barred by Heck

The Magistrate Judge correctly opines that Plaintiff's claims concerning his alleged false arrest and imprisonment are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 13). In *Heck*, the Supreme Court held that "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid,…a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

As the District Court, we must "consider whether judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The Report submits that a judgment in Plaintiff's favor on his false arrest and imprisonment claims would necessarily imply the invalidity of his subsequent conviction. (ECF No. 13).

Although Plaintiff objects the Report, Plaintiff's objections fail to demonstrate he has successfully challenged his conviction such that his claims would not be barred by *Heck*. (ECF No. 16). First, Plaintiff argues that the Report is contrary to *Heck*, however, Plaintiff does not explain how the Report departs from the established precedent. (ECF No. 16). Although Plaintiff cites to several cases for support, they miss the point and do not address the issue at hand. (ECF No. 16). Next, Plaintiff argues that the Magistrate Judge viewed Plaintiff's FTCA claims as a malicious prosecution claim and this was clear error. (ECF No. 16). However, the Magistrate Judge makes no reference to malicious prosecution in the Report. (ECF No. 13).

Finally, Plaintiff asserts that "to properly apply *Heck's* bar against certain damage action claims a district court 'must' analyze the relationship between plaintiff's claims and the charge on which he was convicted. *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 762 (7th. Cir. 2008)." (ECF No. 13). In *Hardrick*, the Plaintiff pled guilty to resisting a peace officer and the Court held Plaintiff's § 1983 action for excessive force was not precluded under *Heck*. The Court reasoned the allegations did not present a collateral attack to his conviction rather an argument that he suffered unnecessary injuries. *Hardrick v. City of Bolingbrook*, 522 F.3d 758 (7th Cir. 2008). This

case is inapposite from the one at hand in which Plaintiff has brought an action under the FTCA alleging false arrest and imprisonment which are directly related to his conviction and a favorable determination of these claims would imply the invalidity of his conviction.[2] Therefore, because Plaintiff does not allege, and court records do no show that he successfully challenged the lawfulness of his federal conviction, the Court dismisses Plaintiff's claims as they are barred by *Heck*.

### B. Denial of Request for Appointment of Counsel

In his Complaint, Plaintiff asserts that he has a right to appointed counsel. (ECF No. 1). However, the Magistrate Judge correctly finds Plaintiff is not entitled to the appointment of counsel. (ECF No. 13). Although Plaintiff objects that appointment of counsel is necessary, his argument is unavailing. (ECF No. 16). As the Report sets out, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1965). After a review of Plaintiff's Complaint, the Court finds no such circumstances are present in this case. Therefore, Plaintiff is not entitled to appointed counsel.

### C. Plaintiff's Motion to Recuse Magistrate Judge and Judge Anderson

Plaintiff has filed a Motion requesting the Magistrate Judge and Judge Anderson to recuse themselves from his case. (ECF No. 6). Plaintiff asserts various allegations against both Judges in his motion. Specifically, Plaintiff alleges that neither Judge is impartial to his case and both continue to make bias decisions to protect the executive branch's misconduct. (ECF No. 6). Plaintiff's allegations stem from the fact that he has filed more than one lawsuit and the lawsuits have been characterized as "related cases" by the court. Plaintiff's allegations of bias have no basis

---

[2] Plaintiff was convicted of offenses under 21 U.S.C. §§ 841(a)(1), 846, and 861(a) and 8 U.S.C. § 1326(a) and sentenced to life imprisonment.

in fact or law. The nature of the judge's bias must be personal and not judicial. *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir.1984). A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings. *United States v. Parker,* 742 F.2d 127 (4th Cir.1984). Therefore, Plaintiff's Motion to Recuse the Magistrate Judge and Judge Anderson are denied.

IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No.13). Thus, Plaintiff's complaint is dismissed with prejudice and without issuance and service of process. (ECF No. 1).

IT IS SO ORDERED.

October 4, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge